a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARY ALBERT BAKER, Petitioner | CIVIL ACTION NO. 1:17-CV-364-P |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se Petitioner Gary Albert Baker ("Baker") (#A076505947). Baker is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana.

### I. Background

Baker claims that his detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been detained in excess of six months and there is no significant likelihood of his removal in the reasonably foreseeable future.

### II. Instructions to Amend

Under Zadvydas, it is presumptively constitutional for an alien to be detained for six months past the ninety-day removal period following a final order of removal. Id. After the expiration of the six-month period, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Agyei–Kodie v. Holder,

418 F. App'x 317, 318 (5th Cir. 2011). Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas.

In Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in Zadvydas creates no specific limits on detention. In fact, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Id. at 543 (citing Zadvydas, 533 U.S. at 701). The alien bears the initial burden of proof to show that no such likelihood of removal exists. Id.

Baker should amend his complaint and provide (1) documentation showing when and where he entered the United States, and from what country; (2) any notice to appear that he received; (3) the date on which he was ordered removed; (4) a copy of the deportation/removal order issued by the immigration judge; (5) whether he appealed the removal order to the Board of Immigration Appeals ("BIA"); (6) a copy of the BIA's decision/order dismissing Baker's appeal; and (7) copies of any notices of review of Baker's custody status. Baker should also explain why there is no significant likelihood of his removal in the reasonably foreseeable future.

IT IS ORDERED that Baker amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further

required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

   THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __29th__ day of March, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge
